UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA LETICIA PAEZ,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendants. | Case No.: 19-CV-63-MMA-WVG<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES** |

On July 2, 2019, this Court convened a discovery hearing on Plaintiff Irma Leticia Paez's ("Plaintiff") motion to compel Defendant Costco Wholesale Corporation's ("Defendant") further discovery responses and document production. Having considered the Parties' papers and heard their respective oral arguments, the Court GRANTS in part and DENIES in part Plaintiff's motion to compel and hereby ORDERS Defendant to complete the following no later than July 8, 2019:

(1) Defendant shall provide Plaintiff the full names and any appropriate contact information including, but not limited to, telephone numbers and mailing and/or residential addresses of the customer-witness(es) identified in Defendant's investigation of Plaintiff's May 7, 2016 slip and fall ("Incident");

(2) Defendant shall produce its current Document Retention Policy and a related

1

privilege log if Defendant redacts any portion of the Policy, and further specify in verified discovery responses whether the existing Policy was in effect at the time of the Incident;

(3) Defendant shall produce any safety minutes during the applicable time period, namely May 2013 through May 2017 (i.e. three years before and one year after the Incident), that reference any slip and fall and/or water-related accidents on Defendant's premises;

(4) Should it determine that employee Danita Stearns drafted a witness statement at the direction of counsel approximately one week following the Incident, Defendant shall prepare and produce a privilege log referencing that document;

(5) Consistent with Defense counsel's representation during the July 2, 2019 hearing before this Court, Defendant shall serve verified discovery responses confirming that it does not possess any documents that respond to Plaintiff's discovery requests concerning shopping carts, wheelchairs, the Incident, and floor-walk inspections that Defendant has not already produced. Alternatively, should Defendant identify any responsive documents that were not previously disclosed to Plaintiff, Defendant shall produce those documents and serve verified discovery responses accordingly;

(6) Defendant shall serve verified discovery responses certifying the exact number of employees on duty at 10:30 A.M. on May 7, 2019.

Given the above, Defendant need not produce any documents regarding any subsequent remedial measures undertaken following the Incident or any documents constituting Defendant's excess insurance policies.

**IT IS SO ORDERED**.

Dated: July 5, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge